UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PETER GEORGACARAKOS,**

    Petitioner,

v.                                              Case No. 5:22-cv-134-KKM-PRL

**WARDEN, FCC COLEMAN - MEDIUM,**

    Respondent.

## ORDER

Peter Georgacarakos, an inmate at the Coleman Federal Correctional Complex (FCC Coleman), petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He is serving a 260-month term of imprisonment for possession with intent to distribute and the distribution of cocaine, which was imposed in 1992 by the United States District Court for the District of Maine. (*See* Doc. 1 at 8)[1]; *United States v. Georgacarakos*, No. 2:91-cr-71-GZA (D. Me.); *United States v. Georgacarakos*, 988 F.2d 1289, 1292 (1st Cir. 1993).

Georgacarakos asserts that the 260-month sentence, which was based on the Sentencing Guidelines' career offender enhancement, is unconstitutional. He contends that under *Johnson v. United States*, 135 S. Ct. 2551 (2015)[2], and *Shea v. United States*, 976 F.3d 63

---

[1]     Page citations to the Petition refer to the page number designated by CM/ECF.

[2]     In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA's) so-called "residual clause," which comprises the last fifteen words of 18 U.S.C. § 924(e)(2)(B)(ii)'s definition of a "violent felony," was unconstitutionally vague. 135 S. Ct. at 2557, 2563.

(1st Cir. 2020)[3], his prior conviction for being an accessory to burglary can no longer qualify as a "crime of violence" under the career offender guideline. Georgacarakos asserts that § 2255 is inadequate or ineffective to test the legality of his detention because he has sought § 2255 relief based on *Johnson* and *Shea* in the First Circuit, to no avail. (*See* Doc. 1 at 7–17.) Thus, he asserts, § 2255(e)'s "saving clause" permits him to challenge his sentence through a petition for writ of habeas corpus under § 2241.

A motion to vacate under 28 U.S.C. § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause,'" i.e., § 2255(e). *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc). Through a motion under § 2255, a federal prisoner may contest his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Once a federal prisoner has challenged his conviction and sentence under § 2255, he may not file another § 2255 motion unless he first obtains authorization to do so from the court of appeals, and he must allege either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without authorization from the court of appeals, a district court lacks jurisdiction to entertain a second or successive § 2255 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A

---

[3]   In *Shea*, the First Circuit held that, for sentences imposed under the Sentencing Guidelines when they were mandatory, *Johnson*'s holding extends to the career offender guideline's own residual clause in U.S.S.G. § 4B1.2. *Shea*, 976 F.3d at 81–82.

petitioner who has filed a previous § 2255 motion may not circumvent the restrictions on second or successive § 2255 motions simply by challenging his sentence in a § 2241 petition. *McCarthan,* 851 F.3d at 1092.

To seek relief under § 2241, a federal prisoner must satisfy the "saving clause" of § 2255(e). The saving clause applies when "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). "Remedy" in this context is not to be confused with "relief": "A 'remedy' is '[t]he <u>means by which</u> a right is enforced, or the violation of a right is prevented, redressed, or compensated.'" *McCarthan*, 851 F.3d at 1086 (emphasis added) (quoting *Remedy,* Black's Law Dictionary (3d ed. 1933)). The remedy by § 2255 motion is adequate or effective to test the legality of the detention anytime the prisoner could "bring his claim and seek *en banc* or Supreme Court review to change the substantive rule of law." *Id.* "That a court might reject a prisoner's argument does not render his 'remedy by motion' an inadequate 'means by which' to challenge the legality of his sentence." *Id.* Likewise, "[a] procedural rule that might prevent success on a particular motion does not render the remedy an inadequate 'means' so long as it is capable of 'enforc[ing]' or 'redress[ing]' the right." *Id.*

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

*Id.* at 1086–87. "A meritless claim can be just as cognizable [under § 2255] as a non-meritless" claim if "it goes to the legality" of the detention, "and if the claim were meritorious ... the remedy by motion could give" relief. *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 1002-03 (11th Cir. 2021).

3

The remedy by § 2255 motion will be "inadequate or ineffective to test the legality of [the] detention" only in very narrow circumstances, such as (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *McCarthan*, 851 F.3d at 1092–93. Thus, "ordinary sentencing challenges" may not be brought under § 2241. *Id.* at 1092.

As a federal inmate, § 2255 is the exclusive mechanism for Georgacarakos to obtain collateral relief unless he satisfies § 2255(e)'s saving clause. *Id.* at 1081. "The petitioner bears the burden of establishing that the remedy by motion was inadequate or ineffective to test the legality of his detention." *Id.* (quotation omitted). Georgacarakos has not done so.

Georgacarakos's claim does not challenge the execution of his sentence, such as a deprivation of good-time credits or a parole determination. Instead, according to his own Petition, he challenges "[t]he validity of [his] conviction or sentence as imposed," (Doc. 1 at 2), and seeks relief from an "unconstitutional and unjust sentence," (*id.* at 19). Georgacarakos argues that his career offender sentence is unconstitutional and that his prior accessory-to-burglary conviction cannot qualify as a "crime of violence." (*See* Doc. 1 at 8–10 (relying on *Johnson*, 135 S. Ct. 2551, and *Shea*, 976 F.3d 63).) He could have brought this claim in a § 2255 motion; indeed, he has used § 2255 at least once before to challenge the lawfulness of his career offender sentence. *See Georgacarakos v. United States*, 7 F.3d 218 (1st Cir. 1993) (Table) (affirming denial of § 2255 motion challenging the career offender enhancement). The remedy by § 2255 motion is adequate or effective to test the legality of his detention because,

4

had he shown that his sentence was unconstitutional, § 2255 would have required that his sentence be vacated, reduced, or corrected. 28 U.S.C. §§ 2255(a), (b). That Georgacarakos's specific argument might have been novel or unsupported by existing precedent does not make § 2255 inadequate or ineffective to test the legality of his detention. *See McCarthan*, 851 F.3d at 1089 ("When circuit precedent forecloses a prisoner's claim, 'it may very well mean *circuit law* is inadequate or deficient. But that does not mean the § 2255 remedial vehicle is inadequate or ineffective to the task of *testing* the argument.'" (quoting *Prost v. Anderson*, 636 F.3d 578, 590 (10th Cir. 2011))).

Nor has Georgacarakos shown that the sentencing court is unavailable, or that practical considerations (such as multiple sentencing courts) prevent him from filing a § 2255 motion. The sentence under attack was imposed by the United States District Court for the District of Maine. That court is not unavailable. Between 1993 and 1996, Georgacarakos filed several § 2255 motions there, all of which were unsuccessful. *See Georgacarakos v. United States*, No. 2:93-cv-18-MAB (D. Me.) (First § 2255 Motion); *Georgacarakos v. United States*, No. 2:93-cv-154-MAB (D. Me.) (Second § 2255 Motion); *Georgacarakos v. United States*, No. 2:93-cv-340-GZS (D. Me.) (Third § 2255 Motion); *Georgacarakos v. United States*, No. 1:96-cv-186-MAB (D. Me.) (Fourth § 2255 Motion); *see also Georgacarakos*, 7 F.3d 218. Since then, Georgacarakos has also filed at least three applications for permission to file a second or successive § 2255 motion based on *Johnson* or *Shea*, all of which the First Circuit has denied. *See Georgacarakos v. United States*, No. 18–1186 (1st Cir.); *Georgacarakos v. United States*, No. 21–1801 (1st Cir.); *Georgacarakos v. United States*, No. 22–1042 (1st Cir.). In its latest ruling, the First Circuit explained:

> [T]he specific claim petitioner apparently would like to pursue — a challenge to the district court's treatment of a Maine burglary offense(s), Me. Rev. Stat. Ann. Tit. 17–A, § 401, as a "crime of violence" for career-offender purposes under the then-mandatory United States Sentencing Guidelines — is inconsistent with this court's precedent; this court repeatedly has rejected claims that Maine burglary under § 401 does not qualify as "generic burglary." *See, e.g., United States v. Bowers*, 27 F.4th 130 (1st Cir. 2022) (Armed Career Criminal Act case); *see also United States v. Dancy*, 640 F.3d 455, 467 (1st Cir. 2011) ("We have held that the terms 'crime of violence' under the career offender Guideline and 'violent felony' under the ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other.") (some internal quotations omitted).

*Georgacarakos*, No. 22–1042, Judgment of Apr. 27, 2022. This decision forecloses Georgacarakos's claim here.

Georgacarakos argues that § 2255 is inadequate or ineffective to test the legality of his detention because a court-appointed lawyer was supposed to have filed a motion or application on his behalf based on *Johnson*, but the lawyer never did so and Georgacarakos remained ignorant of his rights until more than a year after *Johnson* was decided. (*See* Doc. 1 at 8.) Georgacarakos "inferred" that the First Circuit was denying his § 2255(h) applications because his lawyer did not comply with a First Circuit standing order dealing with *Johnson* claims. (*Id.* at 9.) Yet none of the First Circuit's orders denying Georgacarakos's § 2255(h) applications say anything about that, nor were his applications denied because they were not filed within a year of *Johnson*. And even if that were so, it would not establish that the remedy by § 2255 motion was "inadequate or ineffective to test the legality" of Georgacarakos's detention. 28 U.S.C. § 2255(e).

Georgacarakos also seems to argue that the First Circuit's rejection of his § 2255(h) applications establishes that § 2255 is inadequate or ineffective to test the legality of his detention. This is not accurate. The First Circuit denied his § 2255(h) applications because either he did not point to "a new rule of constitutional law, made retroactive to cases on

6

collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2), or his claim was foreclosed by First Circuit precedent. *See, e.g.*, *Georgacarakos*, No. 22–1042. That binding precedent or a procedural rule, like the gateway requirements for filing a second or successive § 2255 motion, might prevent Georgacarakos from successfully attacking his career offender sentence does not mean the remedy by § 2255 is motion inadequate or ineffective to test the legality of his sentence. *McCarthan*, 851 F.3d at 1086.

It is therefore **ORDERED** as follows:

1. Peter Georgacarakos's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.
2. The Motion for Scheduling Order (Doc. 3) is **DENIED AS MOOT**.
3. The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Ocala, Florida this 1st day of September, 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies:
Peter Georgacarakos
Counsel of record