UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PETER GEORGACARAKOS,**

      Petitioner,

v.                                                    Case No. 5:22-cv-134-KKM-PRL

**WARDEN, FCC COLEMAN - MEDIUM,**

      Respondent.
_____

## ORDER

Peter Georgacarakos, an inmate at the Coleman Federal Correctional Complex (FCC Coleman), moves for reconsideration of the Court's Order dismissing his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 6, Motion for Reconsideration; *see also* Doc. 4, Order Dismissing Petition; Doc. 5, Judgment.) In his Petition, Georgacarakos challenged the legality of his sentence for possession with intent to distribute and the distribution of cocaine, arguing that his sentence was wrongly enhanced under the United States Sentencing Guidelines' career offender provision. (*See* Doc. 1, Petition.) The Court dismissed the Petition based on *McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), because Georgacarakos had not shown that the remedy by motion under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention. Order Dismissing Petition at 2–7.

Georgacarakos filed the Motion for Reconsideration fewer than 28 days after the entry of judgment, so the Court construes it as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) ("Rule(s)"). Rule 59(e) allows a court to alter a judgment "only where there is newly-discovered evidence or manifest errors of law or

fact." *United States Equal Emp. Opportunity Comm'n v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1349 (11th Cir. 2016) (citations and quotation marks omitted). That said, "it is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." *Krstic v. Princess Cruise Lines, Ltd. (Corp)*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (citations and quotation marks omitted). A Rule 59(e) motion "cannot be used simply as a tool to reopen litigation where a party has failed to take advantage of earlier opportunities to make its case." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 744 (11th Cir. 2014). Nor may a Rule 59(e) motion be used to relitigate matters already decided. *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citations and quotation marks omitted) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment.").

Georgacarakos urges the Court to reconsider the dismissal of his Petition "based on three factors":

> (1) This Court adopted an argument by the First Circuit that was erroneous and has since been acknowledged as such by that Circuit; (2) this Court rejected a logical inference by the Petitioner about a ruling in the First Circuit which has since been verified by that Circuit; and (3) this Court overlooked two significant elements of the "savings clause" which Petitioner asserted and which deserve another look.

Motion for Reconsideration at 1.

As for the first two "factors," Georgacarakos misconstrues the Court's Order. The Court dismissed the Petition based on *McCarthan*, 851 F.3d 1076, because he had not shown that the remedy by § 2255 motion was inadequate or ineffective to test the legality of his career offender sentence. As the Court pointed out, Georgacarakos was, in fact, able to challenge

2

the merits of his career offender enhancement through a § 2255 motion (though unsuccessfully), illustrating § 2255's adequacy to test the legality of his sentence. Order Dismissing Petition at 4–5; *see also Georgacarakos v. United States*, 7 F.3d 218 (1st Cir. 1993) (Table) (affirming denial of § 2255 motion challenging the career offender enhancement). The Court explained: "That Georgacarakos's specific argument might have been novel or unsupported by existing precedent does not make § 2255 inadequate or ineffective to test the legality of his detention." Order Dismissing Petition at 5 (citing *McCarthan*, 851 F.3d at 1089). Further, "[t]hat binding precedent or a procedural rule, like the gateway requirements for filing a second or successive § 2255 motion, might prevent Georgacarakos from successfully attacking his career offender sentence does not mean the remedy by § 2255 [motion is] inadequate or ineffective to test the legality of his sentence." *Id.* at 7 (citing *McCarthan*, 851 F.3d at 1086). Georgacarakos has not identified a manifest error of law or fact related to the Court's application of *McCarthan*.

As for the third "factor," Georgacarakos argues that "this Court overlooked the fact that Petitioner's sentence is in that special category of being over the statutory maximum, and that Petitioner is also 'actually innocent' of the conviction underlying the sentence at issue." Motion for Reconsideration at 9. Relying on *Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013), *Bryant v. Warden*, 738 F.3d 1253, 1268–72 (11th Cir. 2013), and *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), Georgacarakos insists he may use a § 2241 petition to challenge a sentence that exceeds the statutory maximum. Motion for Reconsideration at 10. However, *McCarthan* overruled *Bryant* and its line of cases, abrogating *Williams* and *Gilbert*. *See McCarthan*, 851 F.3d at 1100 (overruling *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), *Bryant*, 738 F.3d 1253, and *Mackey v. Warden*, 739 F.3d 657 (11th Cir. 2014)); *see also id.* at

3

1096 ("Our decisions in *Wofford*, *Gilbert*, *Williams*, and *Bryant* ignored the text [of § 2255(e)]."). In *McCarthan* itself, the Eleventh Circuit rejected a federal prisoner's attempt to use § 2241 to challenge an enhanced sentence under the Armed Career Criminal Act. *Id.* at 1079–80. As the court said: "McCarthan's claim that his sentence exceeds the statutory maximum *is exactly the kind of claim that a motion to vacate is designed to 'remedy,'* notwithstanding adverse precedent." *Id.* at 1086 (emphasis added). Thus, *McCarthan* established that the remedy by § 2255 motion is adequate and effective to test the legality of a sentence that allegedly exceeds the statutory maximum.[1]

Georgacarakos also claims he is actually innocent because he was entrapped, his trial lawyer was ineffective for not properly pursuing an entrapment defense, a district court relied on a perjurious affidavit in rejecting his ineffective assistance claim, and his case was tried in the wrong venue. Motion for Reconsideration at 11–17. These arguments are not availing. Georgacarakos did not raise these claims in the original Petition, and a litigant may not use a Rule 59(e) motion to raise new theories for relief. *Mincey*, 206 F.3d at 1137.  Even if he had raised the issues, "§ 2255 is not inadequate or ineffective to test the validity of an actual innocence claim like [Georgacarakos's] and provide a remedy for the claim." *Amodeo v. FCC Coleman—Low Warden*, 984 F.3d 992, 1003 (11th Cir. 2021), *cert. denied sub nom. Amodeo v. FCC Coleman—Low*, 142 S. Ct. 836 (2022). In *Amodeo*, a federal prisoner tried to use a § 2241 petition to assert his innocence of his convictions for conspiracy to defraud the United States, arguing that because of his bipolar disorder he could not have formed the requisite intent. 984 F.3d at 995. The Eleventh Circuit found that although a freestanding actual innocence claim

---

[1] Georgacarakos's argument is misguided for another reason: a misapplication of the career offender guideline (even under mandatory guidelines), which is what he raises here, does not mean his sentence exceeded the statutory maximum. *Id.* at 1083 (discussing *Gilbert*, 640 F.3d 1293).

does not merit relief under circuit precedent, "it is a cognizable claim [in a § 2255 motion] because it goes to the legality of Amodeo's detention, and if the claim were meritorious and not foreclosed by defenses …, the remedy by motion could give him the relief his claim seeks." *Id.* at 1002–03. Thus, the Eleventh Circuit affirmed the district court's dismissal of Amodeo's § 2241 petition. *Id.* at 1003. Likewise, Georgacarakos's actual innocence claim is "cognizable" under § 2255 because it goes to the legality of his detention (even if the claim is meritless or procedurally barred), which means the remedy by § 2255 motion is not "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Thus, he may not pursue this claim in a § 2241 petition.

To reiterate, "[f]ailing to prevail on a claim that detention is illegal does not equate to an inadequate or ineffective remedy to test the legality of the detention." *Amodeo*, 984 F.3d at 1000. After *McCarthan*, a federal prisoner may proceed under § 2241 only in very narrow circumstances, such as when

> (1) "challeng[ing] the execution of his sentence, such as the deprivation of good-time credits or parole determinations"; (2) "the sentencing court [was] unavailable," such as when the sentencing court itself has been dissolved; or (3) "practical considerations (such as multiple sentencing courts) might prevent [him] from filing a motion to vacate."

*Bedgood v. Warden, FCC Coleman Medium*, 859 F. App'x 471, 472 (11th Cir. 2021) (citing *McCarthan*, 851 F.3d at 1092–93). Georgacarakos's Petition does not fall into any of these types of narrow circumstances, and he has not shown a manifest error of law or fact in the dismissal of his Petition. Thus, the Motion for Reconsideration (Doc. 6) is **DENIED**.

5

**DONE AND ORDERED** in Ocala, Florida this 17th day of October, 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
Peter Georgacarakos
Counsel of record